**UNITED STATES DISTRICT COURT**
**NORTER DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **NATHANIEL THOMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 1:12-CV-183** |
| | ) | |
| **THE CITY OF FORT WAYNE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

On July 2, 2012, the Defendant City of Fort Wayne filed in this racial discrimination case a Motion to Strike or Alternatively, for a More Definite Statement (Docket # 18), seeking to strike portions of Plaintiff Nathaniel Thompson's amended complaint. Thompson filed a response to the City's motion on July 31, 2012, together with a Motion for Leave to File a Second Amended Complaint (Docket # 27). The City timely filed a reply to its motion to strike (Docket # 28), but did not respond to Thompson's motion to amend, and the time to do so has since passed.

For the following reasons, the City's motion to strike will be DENIED, and Thompson's motion to amend will be GRANTED.

### *A. Factual and Procedural Background*

On June 15, 2011, Thompson submitted a Charge of Discrimination to the City of Fort Wayne Metro Human Relations Commission, together with an Equal Employment Opportunity Commissioner (EEOC) Intake Questionnaire and seven-page narrative document. (Def.'s Mem. of Law Ex. A; Thompson Aff. Ex. 2.) In the charge and the questionnaire, Thompson alleged

that his employer, the City, discriminated against him on the basis of his race when it denied him a promotion for a Chip and Seal Foreman position. (Def.'s Mem. of Law Ex. A; Thompson Aff. Ex. 2.) In his narrative document, Thompson cited the City's purported "practices" of racial discrimination as the motivation behind his individual discrimination, and then proceeded to describe numerous instances of alleged racial discrimination that involved different employees and different conduct. (Thompson Aff. Ex. 2.) Thompson filed a second Charge of Discrimination on November 4, 2011, that added a charge of retaliation. (Def.'s Mem. of Law Ex. B.)

On May 1, 2012, Thompson filed a complaint here against the City, which he amended several days later, advancing his claim of individual discrimination arising from the denial of the Chip and Seal Foreman promotion. (Docket # 1, 5.) On July 2, 2012, the City filed the instant motion to strike, seeking to strike certain paragraphs in Thompson's amended complaint that describe other instances of purported discrimination by the City on the basis that they are outside of the scope of his EEOC Charge. (Docket # 18.)

The Court conducted a scheduling conference on July 11, 2012, and established November 1, 2012, as the deadline for any amendments to the pleadings by Thompson. (Docket # 22, 23.) On July 31, 2012, Thompson filed the instant motion to amend his complaint, seeking to add a paragraph of additional factual allegations in support of his racial discrimination claim. (Docket # 27.)

### B. *Standard of Law*

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

"Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Tech. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). Thus, motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10-cv-129, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011). The decision whether to strike material under Rule 12(f) is within the discretion of the district court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

Alternatively, Rule 12(e) allows a party to request a more definite statement when an allegation is "so vague or ambiguous that a party cannot reasonably prepare a response." "Rule 12(e) is designed to prevent unintelligibility rather than lack of detail." *Rosenbaum v. Seybold*, 1:06-cv-352, 2007 WL 1959241, at *1 (N.D. Ind. July 2, 2007) (citation omitted). "A motion for a more definite statement should be denied if it meets the notice pleading standards set forth in Rule 8 by notifying the opposing party of the nature of the claim so that they are able to respond." *Id*. (citation omitted).

## *C. Discussion*

The City seeks to strike paragraphs 29, 31, 33, 34, and 36-39 of Thompson's amended complaint, which describe prior instances of alleged racial discrimination by the City, arguing that they exceed the scope of his EEOC Charge. More specifically, the City contends that these paragraphs involve different conduct and implicate different individuals, and thus are unrelated to Thompson's claim of discrimination. Alternatively, the City requests that the Court order

Thompson to file a more definite statement with respect to paragraphs 33 and 34, asserting that these two paragraphs are so vague and ambiguous that it cannot appropriately answer the allegations.

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [his] EEOC charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). Title VII claims set forth in a complaint are only cognizable if they are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id*. (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc*., 538 F.2d 164, 167 (7th Cir. 1976)). "This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employe[r] some warning of the conduct about which the employee is aggrieved." *Id.* (citations omitted).

In his June 2011 EEOC charge, Thompson complained only of individual discrimination in connection with the denial of his promotion to Chip and Seal Foreman. In his narrative attachment to the EEOC intake questionnaire, however, he cited the City's purported "practices" of racial discrimination as the reason for its discriminatory treatment against him individually. In that vein, he described numerous instances of alleged racial discrimination that involved different employees and different conduct. "Allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations." *Cheek*, 31 F.3d at 502. Moreover, "[a] charge may be amended . . . to clarify and amplify allegations made therein." 29 C.F.R. § 1601.12(b).

In his amended complaint filed in this Court, Thompson again articulates a claim of

4

individual discrimination arising from the denial of the promotion to Chip and Seal Foreman, citing the City's alleged "preference for Caucasians over African Americans" when awarding job promotions as the motivation for the City's actions against him. In his complaint, Thompson describes the same instances of alleged race discrimination relating to different individuals and different conduct that he set forth in his EEOC narrative. Thus, it is clear from his amended complaint that Thompson intends to simply support his individual discrimination claim with pattern-or-practice allegations, rather than advance a pattern-or-practice claim against the City. *See Askew v. Waukegan Pub. Sch. Dist. 60*, 767 F. Supp. 2d 923, 929 (N.D. Ill. 2011). This individual discrimination claim based on the denial of the Chip and Seal Foreman position is cognizable because Thompson specifically described the conduct giving rise to this claim—and his theory of the motivation for it—in his EEOC charge and accompanying narrative. *Id*.

In that regard, Thompson apparently intends to attempt "to prove his claim of *individualized* discrimination by proving that [his employer] routinely applies . . . a policy that discriminates against [the protected class]." *Id*. at 931 (emphasis in original). Of course, as a general matter, "[l]iability under Title VII does not turn on the bigotry of company managers unless that bigotry resulted in injury to the plaintiff." *Chambers v. Am. Trans Air, Inc*., 17 F.3d 998, 1004 (7th Cir. 1994). Accordingly, "[a] showing of other instances of discrimination in the company may have evidentiary value, but it is not a substitute for a showing of injury to the plaintiff." *Id*.; *see O'Regan v. Arbitration Forums, Inc*., No. 95 C 6464, 1999 WL 731775, at *7 (N.D. Ill. Aug. 30, 1999) ("General discriminatory practices do not substitute for a showing of discrimination against the plaintiff."); *Jones v. World's Finest Chocolate, Inc*., 869 F. Supp. 563 566 n.4 (N.D. Ill. 1994) (noting that even if allegations of general discrimination are true, they

5

are irrelevant if they do not relate to the plaintiff's specific claim).

To reiterate, motions to strike portions of pleadings are disfavored. *Custom Vehicles, Inc.*, 464 F.3d at 727. Here, the paragraphs articulating other instances of alleged discrimination that the City seeks to strike are not "redundant, . . . impertinent, or scandalous matter." FED. R. CIV. P. 12(f). And although the instances of other purported discrimination by the City may ultimately be "immaterial," *O'Regan*, 1999 WL 731775, at *10, the Court cannot definitively conclude so at this early stage of the proceedings. Consequently, the City's request to strike these paragraphs will be DENIED.

The Court will also DENY the City's requested alternative relief of a more definite statement for paragraphs 33 and 34. These two paragraphs are not unintelligible; they simply lack detail in that they fail to state the names of the four employees who allegedly were denied former positions or permanent positions. *See Rosenbaum*, 2007 WL 1959241, at *1. "A motion for a more definite statement should not be used to obtain factual details or as a substitute for discovery." *Id*.

As to Thompson's motion for leave to file a second amended complaint, the City has not filed a response to the motion and does not argue in the reply brief to its motion to strike that the motion to amend should be denied. Therefore, because leave to amend is freely given when justice so requires, FED. R. CIV. P. 15(a), and there is no evidence of undue delay, bad faith, dilatory motive, prejudice, or futility here, *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003), Thompson's motion to amend will be GRANTED.

### *D.  Conclusion*

For the foregoing reasons, Defendant's Motion to Strike or Alternatively, for a More Definite Statement (Docket # 18) is DENIED, and Plaintiff's Motion for Leave to File a Second Amended Complaint (Docket # 27) is GRANTED.

SO ORDERED.

Enter for September 10, 2012.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
