UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
FORT WAYNE DIVISION

| NATHANIEL THOMPSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 1:12-CV-183 |
| THE CITY OF FORT WAYNE, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Nathaniel Thompson's Revised Motion to Conduct Two Additional Depositions By July 9, 2013. (Docket # 39.) The Court previously denied without prejudice Plaintiff's earlier motion (Docket # 37) seeking the same relief because it failed to comply with Local Rule 37-1(a). (Docket # 38); *see* N.D. IND. L.R. 37-1(b).

Local Rule 37-1(a) provides that "[a] party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. IND. L.R. 37-1(a). The certification must include the date, time, and place of the conference or attempted conference and the names of the participating parties. N.D. IND. L.R. 37-1(a)(1)-(2).

"A good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Imbody v. C & R. Plating Corp.*, No. 1:08-cv-218, 2010 WL 3184392, at *1 (N.D. Ind. Aug. 10, 2010) (citation and internal quotation marks omitted); *Ellis v. CCA of Tenn., LLC*, No. 1:08-cv-0254-SEB-JMS, 2009 WL 234514, at *2 (S.D. Ind. Feb. 2, 2009) (citation omitted). "The requirement to meet and confer must be taken seriously,

1

because 'before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves.'" *Imbody*, 2010 WL 3184392, at *1 (quoting *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)).

Here, Plaintiff filed a separate certification, reciting the date, time, and place of the conference and the names of the participating parties and outlining the parties' efforts to resolve the dispute. (Docket # 40.) According to Plaintiff's motion and certification, those efforts consisted of one email Plaintiff's counsel sent to Defendant's counsel and one email Defendant's counsel sent in response.[1] (Docket # 39 at ¶ 11(a)-(b); Docket # 40.)

But a single e-mail sent to counsel, and that counsel's response, falls utterly short of a good faith attempt at a conference. *See Forest River Hous., Inc. v. Patriot Homes, Inc.*, No. 3:06-cv-841 AS, 2007 WL 1376289, at *2 (N.D. Ind. May 7, 2007) ("[T]wo emails . . . do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue."); *In re FedEx Ground Package Sys., Inc.*, No. 3:05-MD-527 FM (MDL-1700), 2007 WL 79312, at *7 (N.D. Ind. Jan. 5, 2007) ("[A] single email sent by the Plaintiffs does not constitute an engagement in a conference to resolve the discovery dispute."); *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 636 (D. Colo. 2003) (concluding that a single email did not satisfy the meet and confer requirement); *see generally Imbody*, 2010 WL 3184392, at *1 (concluding that several letters exchanged between counsel was not a good faith conference); *Shoppell v. Schrader*, No. 1:08-cv-284, 2009 WL 2515817, at *1-2 (N.D. Ind. Aug. 13, 2009) (finding that a telephone call and a letter was not a good faith conference); *Pinkham v. Gen. Prods. Corp.*, No. 1:07-cv-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (concluding that an exchange of five letters

---

[1] And although Plaintiff's motion indicates that those emails are attached as Exhibits A and B (Docket # 39 at ¶ 11(a)-(b)), no exhibits were attached to the motion.

2

was not a good faith conference).

Accordingly, Plaintiff's Revised Motion to Conduct Two Additional Depositions By July 9, 2013 (Docket # 39) is DENIED WITHOUT PREJUDICE for failing to engage in a good faith attempt to resolve the dispute before seeking court intervention.

SO ORDERED.

Enter for this 12th day of June, 2013.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
